Marvin A. Glazer (AZ Bar No. 5885)
CAHILL GLAZER PLC
2141 E. Highland Avenue, Suite 155
Phoenix, Arizona  85016-4762
Ph. (602) 956-7000
Fax (602) 495-9475
email: mglazer@cvglaw.com

Attorneys for Plaintiff
VIP PRODUCTS L.L.C.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **VIP PRODUCTS L.L.C.**, <br> an Arizona limited liability company, <br> Plaintiff, <br><br> vs. <br><br> **SNUGGLE PET PRODUCTS LLC**, <br> a Michigan limited liability company, <br> Defendant. | Civil No. <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND JURY DEMAND** |

Plaintiff VIP PRODUCTS L.L.C. (hereinafter, "Plaintiff"), for its Complaint against Defendant Snuggle Pet Products LLC, doing business under the assumed business name "Smart Pet Love" (hereinafter, "Defendant"), states and alleges the following:

1.      This is an action for trademark infringement and unfair competition under Federal and Arizona state law, and for false designation of origin, false or misleading description or representation of facts, and unfair competition under the Federal Trademark Act (15 U.S.C. § 1051 et seq.).

2.      This court has jurisdiction over the subject matter of this civil action under 28 U.S.C. §1331 and 28 U.S.C. § 1338(a) and (b), and 15 U.S.C. §1121(a).  Supplemental subject matter jurisdiction over the claim for unfair competition under Arizona law is provided by 28 U.S.C. §§1338(b) and 1367(a).

3.      Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c).

4.      Plaintiff VIP Products L.L.C. is an Arizona limited liability company having a principal business address of 16515 S. 40th Street, Suite 121, Phoenix, Arizona 85048.

5.      Upon information and belief, Defendant is a Michigan limited liability company, and has a principal business address at 41180 Vincenti Ct., Novi, Michigan 48375.

6.      Upon information and belief, Defendant does business under its corporate name and under the assumed business name Smart Pet Love.

7.      Upon information and belief, Defendant maintains an Internet web site having the domain address www.smartpetlove.com.

8.      Defendant offers a product line of "Happiness Products" for sale on its web site at the web page having the domain address shown below:

https://www.smartpetlove.com/product-category/happiness-category/?v=7516fd43adaa

9.      Each of the "Happiness Products" offered for sale on the above-described "Happiness Products" web page is displayed with a price and a symbol of a shopping cart for placing such item in the buyer's online shopping cart.

10.     After placing one or more items in the online shopping cart, a customer may proceed to "checkout" to enter billing information and shipping information, and to make an online payment for the products purchased.

11.     This Court may properly assert personal jurisdiction over Defendant.

**Count 1 - Infringement of Plaintiff's "MIGHTY" Trademark**

12.     Plaintiff repeats and realleges Paragraphs 1-11 as if fully set forth herein.

13.     Plaintiff manufactures and distributes products for pets, including dog toys.

14.     Plaintiff is the owner of United States Trademark Registration No. 3,512,293, registered October 7, 2008 on the Principal Register, for the trademark

1   MIGHTY®, in International Class 028, for pet toys.

2   15.   A true copy of the Certificate of Registration for U.S. Trademark Reg. No.

3   3,512,293 is attached hereto as Exhibit 1.

4   16.   On November 6, 2013, the Trademark Office issued a Notice of Acceptance

5   And Acknowledgment of §§8 & 15 Declaration for U.S. Trademark Reg. No. 3,512,293.

6   17.   Plaintiff's right to exclusive use of its MIGHTY® trademark for pet toys in

7   commerce is incontestable within the meaning of 15 U.S.C. §1065.

8   18.   Since at least 2007, Plaintiff has continuously used the trademark

9   MIGHTY® in interstate commerce to identify pet toys originating with Plaintiff.

10   19.   Plaintiff manufactures, markets, distributes and sells an extensive line of

11   dog toys under its MIGHTY® trademark.

12   20.   Each of the dog toys distributed by Plaintiff under its MIGHTY® trademark

13   is shipped with a product tag secured thereto, and indicating that such trademark is

14   federally registered; a true copy of one such product tag is attached hereto as Exhibit 2.

15   21.   Defendant is making, distributing, offering to sell, and, upon information

16   and belief, selling a line of dog toys called the "MIGHTY MIGHTS" series, shown at

17   Defendant's Internet web page having the domain address shown below:

18   https://www.smartpetlove.com/product-category/mighty-mights/?v=7516fd43adaa

19   22.   The image inserted below page was captured on December 14, 2017 from

20   Defendant's Internet web page having the web address set forth in Paragraph 21 above:

21
22
23   
24
25

26   23.   As shown in the image above, Defendant has identified four of its dog toys

27   as "Mighty Tiger", "Mighty Monkey", "Mighty Rabbit" and "Mighty Lion" (hereinafter,

28                                                      - 3 -

1 "Defendant's Mighty Toys").

2    24.    Defendant attaches packaging to Defendant's

3 Mighty Toys, including a header card and a tag.

4    25.    In the image inserted to the right, which shows

5 one of Defendant's "Mighty Lion" dog toys, the header card

6 extends above the lion's head, and the tag is attached below

7 the lion's arm.



8    26.    In the image inserted to the right, the header

9 card bears the designation "Mighty Might", while the "tag

10 bears the word "MIGHTY" displayed in white capital block

11 letters, resembling the format of the word "MIGHTY" on

12 Plaintiff's header card shown in attached Exhibit 2; the tag

13 also includes the word "Mights" depicted less prominently when compared with the word

14 "MIGHTY".

15    27.    Upon information and belief, Defendant has offered for sale, and sold,

16 Defendant's Mighty Toys in commerce, directly to consumers, and through distributors

17 including Amazon.com, Chewy.com, and WholesalePet.com, for resale to consumers,

18 within the District of Arizona and elsewhere.

19    28.    Plaintiff VIP also offers dog toys under its registered "MIGHTY"

20 trademark, including dog toys in the form of a rabbit, a monkey, and a lion.

21    29.    The designation "Mighty" used by Defendant to promote and sell

22 Defendant's Mighty Toys is confusingly similar to Plaintiff's federally registered

23 trademark MIGHTY® for pet toys.

24    30.    Plaintiff and Defendant are competitors in the field of pet toys.

25    31.    Plaintiff's MIGHTY® dog toys, and Defendant's Mighty Toys, are

26 marketed and sold to the same class of consumers, including dog owners.

27    32.    Defendant's Mighty Toys are competitive goods relative to Plaintiff's

28
- 4 -

MIGHTY® dog toys.

33.    Plaintiff's MIGHTY® dog toys are offered for sale on Plaintiff's Internet web page having the web address shown below:

www.vipproducts.com/retail/files/index.php/categories/view/217/mighty-dog-toys.

34.    Plaintiff's MIGHTY® dog toys are also offered for sale through Internet-based distributors, including Amazon.com.

35.    As shown by the image inserted at the top of the following page, which shows a portion of the search results for a search conducted on the Amazon.com web site on December 14, 2017, using the key words "dog toys mighty", the second page of such results displayed of one of Defendant's Mighty Toys (the "Mighty Monkey") right between two of Plaintiff's MIGHTY® dog toys (namely, Plaintiff's farm piglet and Plaintiff's dragon hydra):

36.    Plaintiff's MIGHTY® dog toys and Defendant's Mighty Toys are marketed and sold through the same channels of trade.

37.    Defendant's prominent use of the designation "Mighty" to promote and sell Defendant's Mighty Toys is likely to cause confusion, or to cause mistake, or to deceive,

1  the public into believing that Defendant's Mighty Toys originate with, are sponsored by,

2  or affiliated with Plaintiff.

3      38.    Plaintiff has never licensed, agreed to, or otherwise consented to,

4  Defendant's use of the confusingly similar legend "Mighty" on dog toys.

5      39.    Plaintiff's U.S. Trademark Registration No. 3,512,293 for the mark

6  MIGHTY® is prima facie evidence of the validity of the registered mark and of the

7  registration of the mark, of Plaintiff's ownership of the mark, and of Plaintiff's exclusive

8  right to use the registered mark in commerce on or in connection with pet toys; 15 U.S.C.

9  §1115.

10      40.    Defendant's use in commerce, distribution, promotion, offering for sale, and

11  sale, of Defendant's Mighty Toys, in conjunction with the designation "Mighty", is an

12  infringement of Plaintiff's federally-registered trademark MIGHTY® for pet toys, in

13  violation of 15 U.S.C. §1114.

14      41.    Defendant's use in commerce, distribution, promotion, offering for sale, and

15  sale of Defendant's Mighty Toys, in conjunction with the designation "Mighty", also

16  constitutes false designation of origin, false description, and unfair competition, in

17  violation of 15 U.S.C. § 1125(a).

18      42.    The above-alleged acts by Defendant further constitute common law

19  trademark infringement and unfair competition under the established common law of the

20  State of Arizona.

21      43.    Defendant's acts of false designation of origin, false descriptions, unfair

22  competition, and trademark infringement, in violation of §1114 and 15 U.S.C. § 1125(a),

23  and the common law of Arizona, have caused and will continue to cause damage and

24  irreparable harm to Plaintiff and are likely to continue unabated unless enjoined by this

25  Court.  Plaintiff has no fully adequate remedy at law.

26

27  **Count 2 - Infringement of Plaintiff's "TUFFY" Trademark**

28

44.     Plaintiff repeats and realleges Paragraphs 1-43 as if fully set forth herein.

45.     Plaintiff is the owner, by assignment, of United States Trademark Registration No. 1,558,243, registered September 26, 1989 on the Principal Register, for the trademark TUFFY®, in International Class 028, for pet toys.

46.     A true copy of the Certificate of Registration for U.S. Trademark Reg. No. 1,558,243 is attached hereto as Exhibit 3.

47.     Upon information and belief, Plaintiff's predecessor in interest began using the mark TUFFY® on dog toys sold in interstate commerce in 1983.

48.     Plaintiff acquired ownership by assignment of the trademark TUFFY® for use on dog toys, including  U.S. Trademark Reg. No. 1,558,243 and all common law rights in the mark, on March 19, 2008, such assignment being recorded in the U.S. Patent and Trademark Office on August 21, 2008.

49.     Plaintiff renewed U.S. Trademark Reg. No. 1,558,243 with the U.S. Patent and Trademark Office on September 26, 2009 under 15 U.S.C. §1059.

50.     Plaintiff's right to exclusive use of its TUFFY® trademark for pet toys in commerce is incontestable within the meaning of 15 U.S.C. §1065.

51.     Since at least 2008, Plaintiff itself has continuously used the trademark TUFFY® in interstate commerce to identify pet toys originating with Plaintiff.

52.     Plaintiff manufactures, markets, distributes and sells an extensive line of dog toys under its TUFFY® trademark.

53.     Each of the dog toys distributed by Plaintiff under its TUFFY® trademark is shipped with a product tag secured thereto, and indicating that such trademark is federally registered; a true copy of such a product tag is attached hereto as Exhibit 4.

54.     Defendant is making, distributing, offering to sell, and, upon information and belief, selling a line of dog toys called the "Tender Tuffs" series (hereinafter, "Defendant's Tender Tuff Toys".

55.     Defendant's Tender Tuff Toys are being marketed by Defendant itself on its

1   web site at the web address www.smartpetlove.com/shop/?v=7516fd43adaa.

2   56.   Defendant's Tender Tuff Toys

3   and are also being marketed by Internet-based

4   distributor Amazon.com; such products are

5   displayed at the web address:

6   www.amazon.com/s/ref=sr_in_-2_p_89_44?fs

7   t=as%3Aoff&rh=n%3A2619533011%2Cn%3

8   A!2619534011%2Cn%3A2975312011%2Cn

9   %3A2975413011%2Cp_89%3ASmart+Pet+L

10  ove&bbn=2975413011&ie=UTF8&qid=1513

11  365687&rnid=2528832011.





See Color Options

Smart Pet Love - Tender Tuffs - Flying Duck - Tough
Dog Toy - Play Fetch or Tug-of-war - Proprietary
TearBlok Technology - Puncture Proof Squeaker
★★★☆☆ ▾ 8
FREE Shipping on eligible orders and 1 more promotion ▾
$14.99
✓prime
In Stock

12  57.   The image of the Tender Tuffs

13  Flying Duck inserted to the right was captured on December 15, 2017 from the web

14  address set forth immediately above.

15  58.   Defendant's Tender Tuff Toys and are

16  also being marketed by Internet-based distributor

17  Chewy.com; such products are among those displayed

18  at the web address:

19  https://www.chewy.com/s?rh=c%3A288%2Cc%3A31

20  5%2Cbrand_facet%3ASmart+Pet+Love%2Cc%3A320



21  59.   The image of the Tender Tuff Flying

22  Blue Octopus inserted to the right was captured on

23  December 15, 2017 from the web address set forth

24  immediately above.



Smart Pet Love Tender Tuff
Flying Blue Octopus Dog Toy
$13.99
★★★★☆ 2
FREE 1-2 day shipping over $49

25  60.   Defendant's Tender Tuff Toys and are also being marketed by

26  Internet-based distributor WholesalePet.com; such products are among those displayed at

27

28                                                    - 8 -

1  the web address:

2  https://wholesalepet.com/Search/Brand/4106.

3      61.   The image of the Tender Tuff Pterosaur

4  inserted to the right was captured on December 15, 2017

5  from the web address set forth immediately above.

6      62.   Within its line of dog toys sold under its

7  TUFFY® trademark, Plaintiff also sells a plush duck toy.  Plaintiff's TUFFY® brand

8  Dudley Duck is shown in the image inserted to the right.

9      63.   Plaintiff's TUFFY® brand Dudley Duck is

10  offered for sale on Plaintiff's web site

11  www.vipproducts.com/retail/files/index.php/.

12      64.   Plaintiff's TUFFY® brand Dudley Duck is

13  also offered for sale on the Amazon.com web site at the

14  web address shown below:

15  www.amazon.com/Tuffy-Jr-Dudley-Duck-Dog/dp/B00DGJ8SCY/ref=sr_1_1?ie=UTF8&

16  qid=1513369060&sr=8-1&keywords=vip%2Bdog%2Btoy%2Bduck&th=1

17      65.   Plaintiff's TUFFY® brand Dudley Duck is also offered for sale on the

18  WholesalePet.com web site at the web address https://wholesalepet.com/Product/50441.

19      66.   Within its line of dog toys sold under its

20  TUFFY® trademark, Plaintiff also sells a plush octopus

21  toy.  Plaintiff's TUFFY® brand  Ocean Creatures

22  Octopus is shown in the image inserted to the right.

23      67.   Plaintiff's TUFFY® brand Ocean

24  Creatures Octopus is offered for sale on Plaintiff's web

25  site at the web address

26  https://www.vipproducts.com/retail/files/index.php/categories/view/51/ocean-creatures/pr

27  oduct:70

28                          - 9 -

68.   Plaintiff's TUFFY® brand Ocean Creatures Octopus is also offered for sale on the Amazon.com web site at the web address shown below:

https://www.amazon.com/Tuffy-Ocean-Creature-Small-Octopus/dp/B000NVDEY0/ref=sr_1_1?s=pet-supplies&ie=UTF8&qid=1513370654&sr=1-1&keywords=vip+dog+toy+octopus

69.   Plaintiff's TUFFY® brand Ocean Creatures Octopus is also offered for sale on the Chewy.com web site at the web address shown below:

https://www.chewy.com/tuffys-ocean-creatures-lil-oscar-dog/dp/39256

70.   Plaintiff's TUFFY® brand Ocean Creatures Octopus is also offered for sale on the WholesalePet.com web site at the web address shown below:

https://wholesalepet.com/Product/49469

71.   Within its line of dog toys sold under its TUFFY® trademark, Plaintiff also sells plush dinosaur toys.  Plaintiff's TUFFY® brand Dinosaur Pteradactyl is shown in the image inserted to the right.

72.   Plaintiff's TUFFY® brand Pteradactyl is offered for sale on Plaintiff's web site at the web address shown below:

www.vipproducts.com/retail/files/index.php/categories/view/119/dinosaurs/product:354

73.   Plaintiff's TUFFY® brand Pteradactyl is also offered for sale on the Amazon.com web site at the web address shown below:

https://www.amazon.com/TUFFY-T-D-Tera-Tuffy-Dinosaur-Pteradactyl/dp/B000WFMCJ0/ref=sr_1_fkmr0_1?s=pet-supplies&ie=UTF8&qid=1513371976&sr=1-1-fkmr0&keywords=vip+dog+toy+pteradactyl

74.   Plaintiff's TUFFY® brand Pteradactyl is also offered for sale on the Chewy.com web site at the web address shown below:

https://www.chewy.com/tuffys-pterodactyl-dino-dog-toy/dp/39243

- 10 -

75.    Plaintiff's TUFFY® brand Pteradactyl is also offered for sale on the WholesalePet.com web site at the web address shown below:

https://wholesalepet.com/Product/8967

76.    Many of Defendant's Tender Tuff Toys includes a black band, or webbing, overlying outer seams of the toy.

77.    Those of Defendant's Tender Tuff Toys shown below each includes such black webbing:



78.    The black webbing shown above causes those of the Defendant's Tender Tuff Toys shown above to closely resemble similar dog toys sold under Plaintiff's TUFFY® brand:



79.     Upon information and belief, Defendant has offered for sale, and sold, Defendant's Tender Tuff Toys in commerce, directly to consumers, and through distributors including Amazon.com, Chewy.com, and WholesalePet.com, for resale to consumers, within the District of Arizona and elsewhere.

80.     The designation "Tender Tuff" used by Defendant to promote and sell Defendant's Tender Tuff Toys is confusingly similar to Plaintiff's federally registered trademark TUFFY®.

81.     Plaintiff and Defendant are competitors in the field of pet toys.

82.     Plaintiff's TUFFY® dog toys, and Defendant's Tender Tuff Toys, are marketed and sold to the same class of consumers, including dog owners.

83.     Defendant's Tender Tuff Toys are competitive goods relative to Plaintiff's TUFFY® brand dog toys.

84.     Plaintiff's TUFFY® dog toys and Defendant's Tender Tuff Toys are marketed and sold through the same channels of trade.

85.     Defendant's prominent use of the designation "Tuff" and/or "Tender Tuff" to promote and sell Defendant's Tender Tuff Toys is likely to cause confusion, or to cause mistake, or to deceive, the public into believing that Defendant's Tender Tuff Toys originate with, are sponsored by, or affiliated with Plaintiff.

86.     Plaintiff has never licensed, agreed to, or otherwise consented to, Defendant's use of the confusingly similar legend "Tuff" and/or "Tender Tuff" on dog toys.

87.     Plaintiff's U.S. Trademark Registration No. 1,558,243 for the mark TUFFY® is prima facie evidence of the validity of the registered mark and of the registration of the mark, of Plaintiff's ownership of the mark, and of Plaintiff's exclusive right to use the registered mark in commerce on or in connection with pet toys; 15 U.S.C. §1115.

88.     Defendant's use in commerce, distribution, promotion, offering for sale, and sale of Defendant's Tender Tuff Toys, in conjunction with the designation "Tuff" and/or

"Tender Tuff", also constitutes false designation of origin, false description, and unfair competition, in violation of 15 U.S.C. § 1125(a).

89.    Defendant's use of similar trade dress, including black accent webbing, on dog toys resembling dog toys sold by Plaintiff, and sold under a confusingly similar trademark, also constitutes federal unfair competition, and false designation of origin,  in violation of 15 U.S.C. § 1125(a).

90.    The above-alleged acts by Defendant further constitute common law trademark infringement and unfair competition under the established common law of the State of Arizona.

91.    Defendant's acts of false designation of origin, false descriptions, unfair competition, and trademark infringement, in violation of §1114 and 15 U.S.C. § 1125(a), and the common law of Arizona, have caused and will continue to cause damage and irreparable harm to Plaintiff and are likely to continue unabated unless enjoined by this Court.  Plaintiff has no fully adequate remedy at law.

**WHEREFORE**, Plaintiff requests:

(1)  That the Court preliminarily and permanently enjoin Defendant and its employees, agents, representatives, successors, and assigns and all persons in active concert or participation with them, from:  (a) using Plaintiff's trademarks "MIGHTY", "TUFFY", the confusingly similar variations "Mighty Mights", "Tuff", "Tender Tuff", "Tender Tuffs", and/or any colorable imitations thereof, in conjunction with the distribution, promotion, display, offering for sale and/or sale of pet toys, including dog toys; and (b) otherwise unfairly competing with Plaintiff in the manner alleged herein; 15 U.S.C. §1116.

(2) That the Court order that all product labels, signs, prints, packages, wrappers, receptacles, marketing materials, and advertisements in the possession of Defendant, and bearing the legend "Mighty", "Mighty Mights", "Tuff", "Tender Tuff", and/or "Tender

1    Tuffs", and all plates, molds, matrices, and other means of making the same, to be

2    delivered up and destroyed; 15 U.S.C. §1118.

3            (3)  That the Court order Defendant to pay to Plaintiff such damages sustained by

4    Plaintiff and to account for and pay to Plaintiff such profits realized by Defendant as the

5    law allows: (a) in consequence of Defendant's acts of federal false designation of origin,

6    false descriptions, unfair competition, and trademark infringement; 15 U.S.C. §§1114,

7    1117, and (b) in consequence of Defendant's acts of state trademark infringement and

8    unfair competition.

9            (4)     That the Court find that the circumstances and actions of Defendant are

10   sufficient to merit an award of exemplary damages to Plaintiff in the amount of three times

11   the amount found as actual damages; 15 U.S.C. §1117.

12           (5)     That the Court order Defendant to pay Plaintiff its costs and expenses related

13   to this action; 15 U.S.C. §1117.

14           (6)     That the Court order Defendant to pay Plaintiff its attorneys' fees related to

15   this action; 15 U.S.C. §1117.

16           (7)     That the Court award such other and further relief as the Court deems

17   appropriate.

18

19           **JURY TRIAL DEMAND**

20           Plaintiff requests a trial by jury on all issues so triable in accord with Rule 38 of the

21   Federal Rules of Civil Procedure.

22

23

24

25

26

27

28                                              - 14 -

1 

2 

Respectfully submitted,

3   _____December 18, 2017_____       By:__/s/Marvin A. Glazer_____
              Date                             Marvin A. Glazer, Esq.
4                                              CAHILL GLAZER PLC
                                               2141 E. Highland Ave., Suite 155
5                                              Phoenix, Arizona 85016-4762
                                               Ph. 602-956-7000
6                                              Fax 602-495-9475
                                               Email: mglazer@cvglaw.com
7 
                                               *Attorneys for Plaintiff*
8                                              *VIP PRODUCTS L.L.C.*

9                              **CERTIFICATE OF FILING/SERVICE**

10 

11        I HEREBY CERTIFY that on this 18 day of December, 2017, I electronically filed

12   the foregoing COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR

13   COMPETITION, AND JURY DEMAND, including attached Exhibits 1-4, with the Clerk

14   of the Court by using the CM/ECF system.

15 

16                              _____/s/Marvin A. Glazer_____
                                         Attorney
17 

18 

19 

20 

21 

22 

23 

24 

25 

26 

27 

28                                      - 15 -